IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02712-PAB-TPO

JOHN K. ELLINGTON,
Individually and on behalf of all others similarly situated,

 Plaintiff,

v.

PARAGON 28, INC.,
ALBERT DACOSTA,
STEPHEN M. DEITSCH, and
KRISTINA WRIGHT,

 Defendants.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

Before the Court is the Parties' Joint Motion for Extension of Time to Move, Answer, or Otherwise Respond to Plaintiff's Complaint. ECF 16. Plaintiff alleges that he bought stock and related securities in Paragon 28, Inc., in reliance on Defendants' false and misleading statements. Plaintiff brings this lawsuit pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a) as well as Rule 10b-5 promulgated thereunder. Plaintiff intends to pursue his lawsuit as a class action. As such, this lawsuit is subject to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(3)(A) & (B), ("PSLRA").

The PSLRA sets forth the procedure by which Plaintiff may form the class action. That procedure includes a notice period and determination of who shall serve as the lead plaintiff.[1] The Parties anticipate that upon the completion of that process and the appointment of the lead plaintiff (and lead counsel) by the Court, the lead plaintiff will amend the complaint. Defendants prefer to wait until the future lead plaintiff files the amended complaint before responding. There is good cause to do so, Defendants assert, because it will serve the interest of judicial economy. *See* ECF 16 at p. 3.

The Court notes that Defendants waived service of process and do not otherwise contest the sufficiency of service. However, Defendants do reserve all other rights, claims, and defenses including all defenses related to jurisdiction.

Pursuant to Rule 4(d), Fed. R. Civ. P., Defendants' current deadline to answer the present complaint [ECF 1] is December 30, 2024. Federal Rule of Civil Procedure 6(b) allows the Court to extend the time when an act may or must be done for good cause shown. Such good cause exists here. Defendants wish to avoid filing a responsive pleading to the initial complaint when they expect a subsequent amended or consolidated complaint (with a potentially different lead plaintiff) will be filed. They prefer to wait until that later, operative pleading is at issue.

The Court has its own inherent power to manage the proceeding in a way that ensures "'economy of time and effort for itself, for counsel, and for litigants.'" *Core Progression Franchise LLC v. O'Hare*, 2021 WL 6340162, at *2 (D. Colo. Dec. 29, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Although *Core Progression* considered whether to stay litigation, it provides analogous support for postponing Defendants' responsive pleading deadline

---

[1] Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i)(II), within 60 days after notice of action is circulated, "any member of the purported class may move the court to serve as lead plaintiff of the purported class."

until there is more clarity in the determination of the lead plaintiff. Allowing Defendants to wait until the lead plaintiff files an amended or consolidated complaint to file a responsive pleading will simplify the litigation process at this stage and avoid duplication of effort by Defendants and the Court. Defendants will expend needless extra effort and will incur hardship (and cost) should the joint request be denied. Plaintiff will incur no harm or prejudice from the delay because Plaintiff agrees to the request. Therefore, the Parties' request satisfies the three factors that *Core Progression* used to determine whether litigation should be stayed. *See id.* (citing *Tigercat Int'l, Inc. v. Caterpillar Inc.*, 2018 WL 2049816, at *2 n.3 (D. Del. May 2, 2018).

Having found good cause, the Parties' Joint Motion [ECF 16] is **granted**, pursuant to the following terms:

1.    The deadline for Defendants to answer or otherwise respond to Plaintiff's complaint is **extended** indefinitely until such time as the lead plaintiff and lead counsel are appointed and the lead plaintiff files an amended or consolidated complaint.

2.    **Fourteen days** after the Court's order appointing the lead plaintiff and lead counsel, counsel for all Parties shall confer for the purpose of creating a schedule for when: (1) the lead plaintiff will file the amended or consolidated complaint (or alternatively designate the existing complaint as the operative complaint) and (2) Defendants will file their responsive pleading to that operative complaint.

3.    Within the same above timeframe, the Parties shall file a Joint Motion with the Court to propose that schedule, to set those deadlines, and to set the Scheduling Conference.

4.    The Parties shall file a Joint Status Report on **March 1, 2025,** to inform the Court of the status of the case (if they have not already filed the above Joint Motion by that time).

5.      The Parties shall file the Consent Form [ECF 9] by **December 13, 2024**.

SO ORDERED.

DATED at Denver, Colorado, this 25th day of November, 2024.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge