## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-02712-PAB-TPO

JOHN K. ELLINGTON, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

PARAGON 28, INC., ALBERT DACOSTA, STEPHEN M. DEITSCH, and KRISTINA WRIGHT,

      Defendants.

---

Civil Action No.: 1:24-cv-02898-DDD-MEH

NICHOLAS TIEDT, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

PARAGON 28, INC., ALBERT DACOSTA, STEPHEN M. DEITSCH, KRISTINA WRIGHT, and ERIK MICKELSON,

      Defendants.

---

**MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT NICHOLAS TIEDT AS LEAD PLAINTIFF, AND APPROVE THE SELECTION OF CO-LEAD COUNSEL**

Nicholas Tiedt ("Movant") hereby moves the Court for an order: (1) consolidating the related actions; (2) appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B); (3) approving his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and The Schall Law Firm ("SLF") as Co-Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

### D.C.COLO.LCivR 7.1 CERTIFICATION

D.C.COLO.LCivR 7.1(a), requires a conference of counsel prior to filing motions. Pursuant to the PSLRA, however, if any class member desires to be appointed lead plaintiff, the class member must file a motion within a certain period of time. U.S.C. § 78u-4(a)(3). Thus, Movant is presently unaware of the other entities or persons who plan to move for appointment as lead plaintiff and will not know their identities until after all the movants have filed their respective motions. Under these circumstances, Movant is unable to comply with the conferral requirement of D.C.COLO.LCivR 7.1(a) at this time. Movant will confer with any other lead plaintiff movants after the lead plaintiff filing deadline has passed and will promptly notify the Court whether this motion is opposed as soon as practicable thereafter.

### I.    INTRODUCTION

The two actions pending before this Court are federal securities class actions brought on behalf of investors who purchased or otherwise acquired Paragon 28, Inc. ("Paragon" or the "Company") securities against officers of Paragon for violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

The PSLRA requires district courts to appoint as lead plaintiff the member "of the purported plaintiff class that the court determines to be most capable of adequately representing

the interests of class members." 15 U.S.C. §78u4(a)(3)(B)(i). The Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u4(a)(3)(B)(i).

Movant should be appointed as Lead Plaintiff because he: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u4(a)(3)(B)(iii). In addition, the selection of Hagens Berman and SLF to serve as co-lead counsel should be approved because the firms possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members. Indeed, Movant and his selected counsel have already demonstrated their ability and motivation to represent the Class and zealously prosecute their claims by filing a complaint properly extending the alleged class period based on Paragon's subsequent disclosures. *See* Declaration of Lucas E. Gilmore ("Gilmore Decl.") in Support of Motion to Consolidate Related Actions, Appoint Nicholas Tiedt as Lead Plaintiff, and Approve the Selection of Lead Counsel, Exhibit ("Ex.") 5 filed concurrently herewith. Accordingly, Movant's motion should be granted.

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

"When motions to consolidate and motions for appointment of lead counsel are pending simultaneously in a [Private Securities Litigation Reform Act ("PSLRA")] action, the PSLRA directs courts to first decide the motion to consolidate." *Oregon Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*, No. 19-CV-124-WJM-SKC, 2019 WL 3714798, at *2 (D. Colo. Aug. 7, 2019) (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may ... consolidate the actions." Fed. R. Civ.

P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2nd ed. 1995)). The Court considers "both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a)." *City of Dania Beach Police & Firefighters' Ret. Sys. v. Chipotle Mexican Grill, Inc.*, No. 12-CV-02164-PAB-KLM, 2013 WL 1677553, at *1 (D. Colo. Apr. 17, 2013) (citing *Harris v. Illinois–California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982)).

Here, the Related Actions present common factual and legal issues. Each action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, names similar Defendants, and stems from the same underlying operative facts and circumstances. Consolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense. Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to Rule 42(a). *Clifton v. Willis*, No. 22-CV-03161-DDD-JPO, 2024 WL 1508832, at *2 (D. Colo. Mar. 5, 2024), *report and recommendation adopted sub nom.*, No. 1:22-CV-03161-DDD-JPO, 2024 WL 1508831 (D. Colo. Mar. 26, 2024).

**B.      Movant Satisfies the PSLRA's Requirements and Should be Appointed as Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff "in each private action arising under [the securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C.

§78u4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa)    has either filed the complaint or made a motion in response to a notice …;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Movant satisfies each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1.    Movant's Motion Is Timely

On September 30, 2024, plaintiff John K. Ellington filed the initial complaint in this action, and on the same day published notice of the complaint on *BusinessWire* that advised class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by November 29, 2024. *See* Gilmore Decl., Ex. 1. Because this Motion is being filed by November 29, 2024, it is timely and Movant is entitled to be considered for appointment as Lead Plaintiff.

### 2.    Movant Has the Largest Financial Interest in the Relief Sought by the Class

"The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that has the largest financial interest in the case…. [C]ourts routinely look to the movant's financial loss as the most significant factor." *Subramanian v. Watford*, No. 20-CV-02652-CMA-STV, 2021 WL 1697147, at *2 (D. Colo. Apr. 29, 2021); *Assad v. DigitalGlobe, Inc.*, No. 17-CV-01097-PAB-NYW, 2017 WL 3575229, at *3 (D. Colo. Aug. 17, 2017); *In re*

- 4 -

*Spectranetics Corp. Sec. Litig.*, No. CIV 08-CV02048REBKLM, 2009 WL 1663953, at *3 (D. Colo. Jun. 15, 2009).

As indicated in his loss chart, Movant suffered $157,329.41 in losses on his purchases of Paragon securities as a result of Defendants' alleged wrongdoing. *See* Gilmore Decl., Exs. 2-3.[1] To the best of his counsel's knowledge, there are no other movants with a larger financial interest. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    Movant is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "'As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a) – typicality and adequacy – impact the analysis of the lead plaintiff issue.'" *Assad*, 2017 WL 3575229, at *3 (citation omitted). "Typicality exists where the claims of the representative plaintiffs 'arise out of the same course of conduct and are based on the same theories as those of the absent class members and thus their interests are coextensive with and typical of those of all class members.'… The adequacy requirement is satisfied on proof of '(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation.'" *Subramanian*, 2021 WL 1697147, at *2 (citations omitted). Movant satisfies these requirements.

---

[1] The class period alleged in the *Tiedt* action is May 5, 2023 through September 20, 2024, inclusive. The *Ellington* action alleges a shorter class period of May 5, 2023 through August 8, 2024, inclusive. Although Movant's losses are substantially similar under the *Tiedt* and *Ellington* class periods, consistent with the prevailing view, Movant contends that when calculating the financial interest of potential plaintiffs, it is proper to look to the longest alleged class period among the cases to be consolidated. *See*, *e.g.*, *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *5 (S.D. Cal. Sept. 6, 2018).

Movant's claims are typical of the proposed class because he alleges the same injury – loss of value in the Paragon stock purchased during the Class Period – and the same cause – Defendants' alleged misrepresentations and omissions issued during the Class Period – as are alleged in the complaints. Like the other members of the class, Movant acquired Paragon securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby. In addition, Movant is an adequate representative because there are no apparent conflicts between him and other class members and his experienced counsel, as discussed below, will vigorously prosecute the action on behalf of the class.

Movant similarly satisfies the adequacy requirement. Movant, an Iowa-based seed manager for an agricultural company, who has earned a bachelor's degree and has 10 years of investment experience, will provide the Class with a sophisticated and knowledgeable representative in this accounting fraud. *See* Gilmore Decl., Ex. 4. Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant and the other Class members, but Movant has a significant, compelling interest in prosecuting the Action to a successful conclusion based upon his very large financial losses suffered as a result of the wrongful conduct alleged in the Action. Movant has already demonstrated his motivation to represent the Class by filing a complaint properly extending the alleged class period based on Paragon's subsequent disclosures, and then providing notice to the class of the *Tiedt* action. *See* Gilmore Decl., Exs. 5-6. This motivation, combined with his identical interest with the members of the Class, shows that he will vigorously pursue the interests of the Class. In addition, Movant has selected firms to represent him and the Class that are highly experienced in prosecuting securities class actions. *See* Gilmore Decl., Exs. 7-8.

In sum, because of Movant's education and background, the actions he has already taken on behalf of the Class and his common interests with the Class members, it is clear he will vigorously pursue this Action, has selected competent counsel, and is adequate. Thus, the Movant satisfies the requirements of Rule 23(a)(3) and (4).

**C.     The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Subramanian*, 2021 WL 1697147, at *4 (approving lead plaintiff movant's selection of competent and experienced counsel); *Assad*, 2017 WL 3575229, at *4 (same). Movant has selected Hagens Berman and SLF to serve as co-lead counsel for the class.

The firms have already demonstrated their ability to work together productively and efficiently on behalf of Movant and the Class in this litigation. After the filing of the *Ellington* action, the firms actively researched Movant's and the Class's claims, including reviewing the Company's recent public disclosures, and filed a complaint properly extending the alleged class period and providing notice thereof to the Class. *See* Gilmore Decl., Exs. 5-6. Furthermore, both firms have extensive history bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions throughout the country. *See* Gilmore Decl., Exs. 7-8. Both firms prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. *Id*.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Hagens Berman and SLF have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's

selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

### III.    CONCLUSION

Movant, who meets all of the PSLRA's lead plaintiff requirements, respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint him to serve as Lead Plaintiff in this action; (3) approve the selection of Hagens Berman and SLF as Co-Lead Counsel for the class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: November 29, 2024                Respectfully submitted,

                                HAGENS BERMAN SOBOL SHAPIRO LLP

                                By */s/ Lucas E. Gilmore*
                                   Lucas E. Gilmore
                                   Reed R. Kathrein
                                   715 Hearst Avenue, Suite 300
                                   Berkeley, CA  94710
                                   Telephone: (510) 725-3000
                                   Facsimile: (510) 725-3001
                                   lucasg@hbsslaw.com
                                   reed@hbsslaw.com

                                   Brian J. Schall
                                   Chris Mooney (*pro hac vice* forthcoming)
                                   THE SCHALL LAW FIRM
                                   2049 Century Park East, Suite 2460
                                   Los Angeles, CA 90067
                                   Telephone: (310) 301-3335
                                   Facsimile: (310) 388-0192
                                   brian@schallfirm.com
                                   chris@schallfirm.com

                                   *Counsel for Plaintiff and Movant Nicholas Tiedt*

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Lucas E. Gilmore*
LUCAS E. GILMORE