## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 24-cv-02712-PAB-TPO
     (Consolidated with Civil Case No. 24-cv-02898-PAB-TPO)

Civil Case No. 24-cv-02712-PAB-TPO

JOHN K. ELLINGTON, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

PARAGON 28, INC.,
ALBERT DACOSTA,
STEPHEN M. DEITSCH, and
KRISTINA WRIGHT,

     Defendants.

Civil Case No. 24-cv-02898-PAB-TPO

NICHOLAS TIEDT, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

PARAGON 28, INC.,
ALBERT DACOSTA,
STEPHEN M. DEITSCH,
KRISTINA WRIGHT, and
ERIK MICKELSON,

     Defendants.

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT  (DKT.32)

Pursuant to Federal Rule of Evidence 201(b), Defendants Paragon 28, Inc., Albert DaCosta, and Stephen Deitsch respectfully request that the Court take judicial notice of, or incorporate by reference, Exhibits 1 through 7 attached to the accompanying declaration of Allison K. Kostecka, in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed concurrently herewith.

**ARGUMENT**

While ordinarily a motion to dismiss is converted into a motion for summary judgement if the Court considers materials outside of the Complaint, there are exceptions for "(1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (cleaned up).

Even "if a plaintiff does not incorporate by reference or attach a document to its complaint, [if] the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)*; see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Additionally, judicial notice may be taken at any stage of the judicial proceeding, including the motion to dismiss stage. Fed. R. Evid. 201(d); *see also In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Practices and Products Liab. Litig.*, 288 F. Supp. 3d 1087, 1155 (D.N.M. 2017). Judicially noticeable documents include the court's "own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); s*ee also In re Santa Fe*, 288 F. Supp. 3d at 1153 (listing three exceptions to documents outside a complaint that can be considered on a motion to dismiss).

Plaintiff's Complaint cites to, quotes, and relies on numerous documents that form the basis of its claims, and whose authenticity cannot be reasonably disputed. Moreover, many of these

documents are a matter of public record that are properly subject to judicial notice. Pursuant to Federal Rule of Evidence 201 and Tenth Circuit caselaw, Defendants identify a limited number of documents that are referred to and relied on in the Complaint and/or are judicially noticeable.

## A.    SEC Filings (Exs. 1, 4–6)

Exhibits 1 and 4–6 are "document[s] [] referred to in the complaint and [] central to the plaintiff's claim." *GFF Corp.*, 130 F.3d at 1384.  Exhibits 1 and 4 are excerpts of Paragon 28's annual reports, the original and amended versions, filed on Form 10-K for the time period ending December 31, 2023, which are quoted in part in paragraphs 165–80, 184–87, 271–74 of the Complaint.  Exhibits 5 and 6 are Paragon 28's reports of material events filed on Form 8-K on the dates August 8, 2024 and September 20, 2024, respectively, and which are cited to in part in paragraphs 157–62, 195, 315, 330 of the Complaint. The parties do not dispute the authenticity of these documents.[1] *Gee*, 627 F.3d at 1186. The Court can thus consider Exhibits 1, 4–6  in ruling on Defendants' motion to dismiss. *Id.*

These documents are also judicially noticeable. Exhibits 1 and 4–6 are Paragon 28's public SEC filings. These SEC filings are a matter of public record as they were publicly filed by Paragon 28 with the SEC. *See, e.g.*, *In re Thornburg Mortg., Inc. Securities Litig.*, 2009 WL 5851089, at *3 (D.N.M. Dec. 21, 2009) (taking judicial notice of SEC filings given they are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned") (citing Fed R. Evid. 201(b)); *S.E.C. v. Goldstone*, 952 F. Supp. 2d 1060, 1219

---

[1] Plaintiff's counsel informed Defendants' counsel they "will not challenge the authenticity" of documents to which Plaintiff cites in his own Complaint "provided that Defendants attach correct copies of the documents." Defendants have attached true and correct copies of documents and excerpts of documents that Plaintiff cites in his own Complaint.

(D.N.M. 2013) (same). Paragon 28's SEC filings in Exhibits 1 and 4–6 are therefore judicially noticeable. *Van Woudenberg*, 211 F.3d at 568.

**B.    Earnings Call Transcript (Exs. 2–3, 7)**

Exhibits 2–3 and 7 are earnings call transcripts that are also "document[s] [] referred to in the complaint and [] central to the plaintiff's claim." *GFF Corp.*, 130 F.3d at 1384.  Exhibit 2 is a transcript of Paragon 28's earnings call held on August 2, 2023, which is quoted in part in paragraphs 240–43 of the Complaint. Exhibit 3 is a transcript of Paragon 28's earnings call held on November 7, 2023, which is quoted in part in paragraph 261–62 of the Complaint. Exhibit 7 is a transcript of Paragon 28's earnings call held on February 29, 2024, which is quoted in part in paragraphs 275–79 of the Complaint. Plaintiff claims that statements made on the earnings calls attached as Exhibits 2–3 and 7 were false or misleading (¶¶240–43, 261–62, 275–79). These earnings call transcripts "are central to the plaintiff's claim[s]" and the Parties do not dispute their authenticity, thus they can also be considered in ruling on Defendants' motion to dismiss. *Jacobsen*, 287 F.3d at 941.

**CONCLUSION**

For the foregoing reasons, Exhibits 1 through 7 may be considered on Defendants' motion to dismiss because they are central to Plaintiff's claims in the Complaint and are not disputed, and/or are subject to judicial notice.

5

DATED: August 18, 2025

*s/ Monica K. Loseman*

Monica K. Loseman
Allison K. Kostecka
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2642
Telephone: (303) 298-5700
Fax: (303) 323-2929
Email: mloseman@gibsondunn.com
Email: akostecka@gibsondunn.com

*Attorneys for Defendants Paragon 28, Inc.,
Albert DaCosta, and Stephen M. Deitsch*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2025, a true and correct copy of the foregoing was served via the ECF/PACER to counsel of record.

*/s/  Lynette Apodaca*
Lynette Apodaca